Day, J.
 

 Although several questions are raised by the demurrers, the question whether the petition states a cause of action against any of the vendors is basic and dispositive of the entire case against them.
 

 The relator claims that in the year 1935 every sale of tangible personal property was deemed a taxable sale until the vendor proved the contrary; that a vendor was delinquent when he failed to cancel prepaid tax receipts equal to three per cent of the gross sales; that as a result of the failure of the respondents, The Kroger Grocery & Baking Company and The Great Atlantic & Pacific Tea Company, and other unnamed vendors, to cancel sufficient prepaid tax receipts equal to three per cent of the gross sales, the respondents were holding large sums of money, which constituted public revenue.
 

 Relator concedes that the Tax Commission of Ohio had found that there were no deficiencies for the year 1935, and had accordingly entered a finding on the journal of the commission, but contends that the Sales Tax Act was specific in terms, admitting of no discretion on the part of either the vendors or the commission, and that therefore the order and finding of the commission do not release vendors, from their obligation to pay the amounts in which they are delinquent.
 

 The claims for the year, 1936 are similar, namely, that vendors are delinquent in accounting to the state
 
 *302
 
 of Ohio for sales taxes collected by them and not paid to the treasurer of the state, when they failed to cancel prepaid tax receipts in a sum equal to three per cent of the gross sales, since by the provisions of Section 5546-12&, General Code (116 Ohio Laws, part 2, 77), it is conclusively presumed that the vendor who has kept no separate record of tax collected, or does not cancel prepaid tax receipts equal to three per cent of his gross sales, has failed to collect the tax from the consumer, and makes the vendor liable to the state for the deficiency. The relief sought is not only to compel the respondent vendors, by a writ of mandamus, to pay certain designated monies to the state, but also to compel the Tax Commission of Ohio to discharge its mandatory duties under the Sales Tax Act by collecting all ‘.‘public funds and revenues” which have been collected, or are by law deemed collected, from consumers, and which are now held by the respondent vendors.
 

 The basic theory underlying the relator’s action, and the only one upon which an action in mandamus could be predicated, as against the vendors, is that under the provisions of the Sales Tax Act, which was effective in its original form during 1935 and in the amended form during 1936, the vendor of tangible personal property is made a collector of taxes for the state, is a trustee, official and agent of the state, and that the sales tax money collected by him constituted public revenues in his hands belonging to the state of Ohio.
 

 In our opinion this view is untenable. A reading of the Sales Tax Law as originally enacted (115 Ohio Laws, part 2, 306, Section 5546-1
 
 et seq.,
 
 General Code) discloses that each retail vendor of tangible personal property is required to procure a license at the cost of one dollar (Section 5546-10, General Code), and to procure prepaid tax receipts from the state (Section 5546-9, General Code), for which he must pay full face value, less a discount of three per cent (Section 5546-8,
 
 *303
 
 General Code). Thus, before a single sale is made by the vendor, the state has collected from him the tax on an undetermined amount of his sales. When he makes a taxable retail sale, he tears a prepaid tax receipt into two parts and collects the tax. The destruction of the prepaid tax receipt by the vendor is a symbolic payment to the state, but the money thus and thereby collected belongs not to the state but to the vendor, in reimbursement for the money previously advanced by him to the state. Until sufficient taxable sales are made to return the money to the vendor, the state has, in its general fund, the money advanced to it by the vendor. A vendor who complies with the provisions of the Sales Tax Act cannot possibly have funds of the state in his possession. On the contrary, the state holds in its possession the funds of the vendor which he advanced to it. Consequently, such vendor cannot be said to be a collector of taxes, or an officer, agent or trustee of the state. Nowhere in the Sales Tax Act is he designated as trustee, agent or officer of the state. If he fails to collect the tax, or if upon collection he fails to cancel the proper prepaid tax receipts, the act makes no provision for proceedings in ouster for nonfeasance, misfeasance or malfeasance in office. The act merely provides that, in such case, the vendor shall be personally liable for the amount, plus a penalty and interest; that his liability shall be established by assessment, from which he has a right of appeal. As soon as he becomes liable for the tax which he should have collected from the consumer, his liability to the state is that of a taxpayer and his relationship to the state is that of a debtor. Not being an agent, officer or trustee of the state, a retail vendor of tangible personal property is not amenable to the process of mandamus.
 

 Coming now to consider the demurrer of the Tax Commission, the relator pleads the entries of the commission finding that there were no delinquencies found against vendors for the year 1935.
 

 
 *304
 
 The contention of the relator is that the duties of the Tax Commission under this act are peremptory and mandatory and admit of no discretion from a reading of the act as originally enacted. This contention is unsound. The Tax Commission is given general powers, of enforcement of this act and the power to promulgate and enforce rules and regulations adopted by it. It is given the power to assess and penalize delinquent taxpayers. Obviously, if it has the authority and power to find that a taxpayer is delinquent, it may likewise find that he is not delinquent. In such a finding, it is exercising a discretion expressly conferred upon it by statute, and its exercise of this discretion cannot be controlled by mandamus. While a court will apply the spur of mandamus to compel performance of a clear, legal duty, it will not, after the discretion has been exercised, interfere therewith, unless an abuse thereof is.clearly shown.
 

 The objection raised by the relator as to the refunds by the commission is not well taken, since Section 5624-10, General Code, is clear, statutory authority for such refunds, if any were made.
 

 Relator places much stress upon the fact that the prepaid tax receipts cancelled by respondent vendors did not amount to three per cent of the gross sales. So far as this contention pertains to the calendar year 1935, we find no provision in the act then in effect which required a vendor to cancel receipts equivalent to any given minimum percentage of his gross sales. Some sales were taxable, while others were exempt. Under such circumstances, cancelled prepaid tax receipts may fall below three per cent of the gross sales, and when that happens, no presumption of noncompliance arises against the vendor.
 

 With respect to the contention made by relator as it is applicable to the calendar year 1936, a different situation is presented. During that year, there was in effect Section 5546-12a, General Code, which provided,
 
 *305
 
 in substance, that if on examination and audit of the vendor’s books and records by the Tax Commission and its agents, it is found that no separate records have been kept of the tax collected from consumers and of the amount of such collections, or if it be found that the aggregate collection from consumers is less than three, per cent of the vendor’s sales, it shall be conclusively presumed that the vendor has failed to collect the tax from the consumer, and in such cases, the commission shall make a finding and assessment of the amount of the tax, plus a penalty of 15 per cent of the amount thereof, and forthwith proceed to collect the same.
 

 Under the above-mentioned provision, a vendor may be assessed by the commission under one of two conditions — either when it is found that no separate records have been kept of the tax collected from the consumer and the amount thereof, or when it is found that the prepaid tax receipts which the vendor has cancelled amount to less than three per cent of the sales.
 

 Although the aforementioned section of the act saddles every vendor of tangible personal property, large and small, with the burden of setting up and maintaining a detailed bookkeeping system, he may still be presumed to have failed to collect taxes from his customers if his tax collections fall below three per cent of his gross sales. In such case, the commission is required to make a finding against him and assess the amount of the tax, plus a penalty. The act is silent on the question as to the amount of tax to be thus assessed. The language is that the vendor shall be assessed the tax he “should have collected.” Although the commission may believe the vendor to be honest and be convinced that he has collected the full amount of the tax, it is nevertheless, under the above-mentioned provision of the act, compelled to make an assessment against the vendor by reason of the fact that the
 
 *306
 
 statute establishes a conclusive presumption against him.
 

 The petition does not set forth any failure on the part of the commission to collect any specific or even approximate delinquency in sales tax collections for the year 1936, or a refusal upon the part of the Tax Commission to perform any act specially enjoined by law.
 

 In an action in mandamus, a court will not substitute its discretion for that of an administrative officer or commission in the exercise of his or its authority, and in the absence of allegation and proof that an officer or commission charged with the duty of collecting sales taxes has refused arbitrarily to collect the amount due on a specific taxable sale or sales, the writ of mandamus will not lie, since a writ of mandamus will not issue to compel the observance of law generally, but will be confined only to commanding the performance of specific acts specially enjoined by law to be performed.
 

 In view of our holding that the petition does not 'allege facts sufficient to constitute a cause of action in mandamus, either against respondent vendors or against the Tax Commission of Ohio, it becomes unnecessary to pass upon the other grounds of the demurrers.
 

 Demurrers sustained.
 

 Weygandt, C. J., Matthias and Hart, JJ., concur.
 

 Zimmerman and Williams, JJ., concur in paragraphs one and two of the syllabus but not in the judgment as rendered.
 

 Myers, J., dissents.