Turner, J.
Tlie principles announced in the cases of State, ex rel. Foster, v. Miller et al., Tax Comm., 136 Ohio St., 295, 25 N. E. (2d), 686, and State, ex rel. Foster, v. Evatt, Tax Commr., ante, 65, 56 N. E. (2d), 265, are inapplicable here (except paragraph 5 of the syllabus of the latter case) for the reason that the instant cases involve receipts from sales since January 1, 1937, and are to be governed by Sections 5546-12a and 5546-125, General Code, 116 Ohio Laws, pt. 2, 333 and 334, effective January 1, 1937, and amendments to Section 5546-9a, General Code, 116 Ohio Laws, pt. 2, 329, effective January 1, 1937, 117 Ohio Laws, 763, effective January 28, 1938, 119 Ohio Laws, 45, effective July 4, 1941, and to Section 5546-125, General Code, 117 Ohio Laws, 766, effective January 28, 1938.
The law questions raised in these cases may be phrased as follows: (1) Where a vendor fails to file a return required by Section 5546-125, General Code, or fails to remit the proper amount of tax due under Section 5546-12», General Code, may the Tax Commissioner, by virtue of Sections 5546-9» and 5546-125, General Code, make an assessment against such vendor for retail sales made since January 1, 1937, but more than three years prior to the date as of which the assessment is made? (2) If so, wheré does the burden of proof rest to show the amount of a vendor’s tax-exempt sales during such period?
Appellants’ position may be summarized as follows:
(a) They admit liability under Sections 5546-9» and 5546-12», General Code, on account of their taxable sales during the three years immediately preceding *496 the Tax Commissioner’s audit. They do not mention their duty or liability under Section 5546-125, General Code.
(b) They deny liability on account of any prior sales upon the theory that the Tax Commissioner is es-topped by the provisions of Section 5546-12, General Code, inasmuch as the Tax Commissioner did not by order require records, of sales to be kept for longer than three years.
(c) They deny that the presumption provision of Section 5546-2, General Code, applies where vendors are assessed according to Section 5546-12a and Section 5546-125, General Code, on the basis of sales made more than three years prior tp such assessment.
Appellants recognize that Section 5546-12a, General Code, is a part of the Sales Tax Act and say in respect • of such section:
“We think it is clear that the provisions of Section 5546-12a were not primarily intended as, a measure to provide revenue in addition to that contemplated by Section 5546-2, but rather it was intended as a method of securing conscientious observation of the requirements of Section 5546-2 by the vendor.
“That is, if the vendor has collected from purchasers in full for all taxable sales, then the collection there in excess of 3% will, or may, offset the amount of his liability for tax on sales of 8 [sic] cents or under.”
Appellants fail to give consideration to the requirement of Section 5546-125, General Code, which provides in part: “In case any vendor has collected in excess of three per cent of his receipts from sales which are taxable under Section 5546-2 of the General Code as tax from consumers and failed to cancel tax receipts in the proper amount, such excess shall be remitted along 'with the remittance of the amount of tax due under Section -5546-12a of the General Code.” *497 However, it will not be necessary to comment further on this provision in the instant cases.
For other decisions of this court involving Section 5546-12a, General Code, see, Winslow-Spacarb, Inc., v. Evatt, Tax Commr., ante., 471; and Rice v. Evatt, Tax Commr., ante, 483.
Section 5546-12, General Code, provides:
“Each vendor shall keep complete and accurate records of sales of taxable property, together with a record of the tax collected thereon, which shall in every instance be the amount due under the provisions of this act, and shall keep all invoices, bills of lading, retained parts of cancelled prepaid tax receipts and such other pertinent documents, in such form as the commission [commissioner] may by regulation require. Such records and other documents shall be open at any time, during business hours, to the inspection of the commission [commissioner] and shall be preserved for a period of three years, unless the commission [commissioner] shall, in writing, consent to their destruction within that period or by order require that they be,kept longer.”
No order having been made requiring that such records be kept longer than the prescribed statutory period of three years, appellants contend that the Tax Commissioner is estopped from making an assessment for sales made during the period when they were not required to keep records. The corollary of this is that the tax evader who promptly destroys his records at the expiration of the three-year period escapes' liability for failure to collect and account for taxes on sales during the prior period. '
• The purpose of Section 5546-12, General Code, which is in pari materia with Sections 5546-2, 5546-3 and 5546-9», General Code, is to provide a means whereby the Department of Taxation may enforce the collec *498 tion of the bracket taxes levied under' Section 5546-2, General Code.
Where such records disclose tlie vendor’s specific taxable sales, his cancellation of prepaid tax receipts may be checked and vendor’s liability, if any, determined (Sections 5546-2, 5546-3, 5546-9», General Code). It was soon found that it would be impracticable in many cases for the vendor to keep or for the Department of Taxation to check individual or specific retail sales. Hence tlie adoption of Section 5546-12», General Code.
The Sales Tax Act as originally passed (115 Ohio Laws, pt. 2, 306) did not contain Section 5546-12». The act was thought to be complete for its enforcement under the presumption contained in Section 5546-2, the duties devolving upon the vendor under Sections 5546-3 and 5546-12 and the power of assessment conferred by Section 5546-9». In the light of experience the General Assembly in re-enacting the Sales Tax Act.(116 Ohio Laws, pt. 2, 69 et seq.), added Section 5546-12a, General Code, which attempted to remedy the situation. This first section 5546-12a was held unconstitutional by the Common Pleas Court of Franklin county. The General Assembly enacted Section 5546-12», General Code, in its present form (116 Ohio Laws, pt. 2, 323). It is to be observed that such section was enacted as a part of the Sales Tax Act and not as an independent section. It is supplementary to Section 5546-9a, General Code. As applicable here Section 5546-9a was amended 116 Ohio Laws, pt. 2, 329, effective January 1, 1937, 117 Ohio Laws, 763, effective January 28, 1938, and 119 Ohio Laws, 45, effective July 4, 1941. Section 5546-125 was enacted 116 Ohio Laws, pt. 2, 334, effective January 1, 1937, and amended 117 Ohio Laws, 766, effective January 28, 1938.
We are of the opinion that Section 5546-12», General *499 Code, is intended to recover for tire state treasury the bracket taxes imposed by Section 5546-2, General Code, which it is the duty of the vendor to collect and account for by Sections 5546-3 and 5546-125, General Code, in all cases where (a) the vendor fails to keep the records required by Section 5546-12, General Code, or where (b) because of the nature of vendor’s business, it is impractical to keep such records.
As the application of such bracket taxes to the sales of the great majority of vendors results in the collection by such vendors of a tax of more than 3 per cent on their taxable sales, the General Assembly, as a means of bringing into the state treasury such excess over 3 per cent, did not except sales under 9 cents where the vendor’s liability was to be computed under Section 5546-12«, General Code. However, the General Assembly did make the above quoted provision in Section 5546-125, General Code, regarding collections in excess of three per cent of receipts from taxable sales.
It is conceded by appellants that the rate of taxes collected from purchasers under Section 5546-2, General Code, will probably average more than 3 per cent on all their sales, and that if the appellants had collected from purchasers for all taxable sales, the collections in excess of 3 per cent would offset the amount of appellants ’ liability under Section 5546-12q, General Code, for taxes on sales of less than 9 cents. No objection is made by appellants to their liability at the rate of 3 per cent on receipts from taxable sales for the last three-year periods.
Appellants claim that by reason of the lack of supply, in the first half of 1943, of tax-exempt merchandise, the application of the percentage of tax-exempt merchandise for such period to the sales for the years 1937 to June 1940, inclusive, was unfair.
*500 Even if the burden of proof were not on vendors to show such tax exempt sales, we think that due consideration was given to these circumstances by the increased allowances for exempt sales made by the hearing board of the Department of Taxation before the cases went to the Board of Tax Appeals and by the additional allowances made by the latter board. Such increased allowances were made in each of the instant cases.
However, the burden of showing the amount of tax-exempt sales rested upon appellants and there is nothing in the records which would justify or require further allowances. Section 5546-2, General Code, contains the following provision:
“For the purpose of the proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.”
Prior to the enactment of Sections 5546-12a .and 5546-12&, General Code, and the amendments above noted of Section 5546-9a, General Code, a similar presumption was to be found in Section 5546-2 as enacted 115 Ohio Laws, pt. 2, 307. Such presumption applied only where there was proof of a specific bracket sale (State, ex rel. Foster, v. Miller et al., Tax Comm., and State, ex rel. Foster, v. Evatt, Tax Commr., supra). When the Sales Tax Act was amended, 116 Ohio Laws, pt. 2, 323, the foregoing presumption provision was enacted in its present form as a part of Section 5546-2, General Code. As a part of the same act Section 5546-9a was amended so as to provide for assessments of the amount of tax found due under Section 5546-12a, which latter section, together with Section 5546-12&, was enacted at the same time as a part of such Sales Tax Act. While the tax under Section 5546-12a is *501 measured by receipts from taxable sales we are of tbe opinion that such presumption applies in respect of the retail sales producing such receipts. Appellants admit the effect here of the presumption. They say:
“If the vendor fails to retain the records as required, he may suffer under the provision of Section 5546-2 which makes all sales presumptively taxable.” But they claim in effect that this presumption may not be applied to sales occurring more than three years prior to the audit or assessment. With this contention we cannot agree.
Therefore, the making of an arbitrary allowance in the absence of records of sales for nontaxable merchandise did not prejudice appellants who failed to sustain the burden of proof showing that they were entitled to greater allowances.
As stated by counsel for appellants:
“In- determining the amount of tax-exempt sales, the auditor followed the customary method of checking the amount of each kind of tax-exempt merchandise purchased, applying the mark-up applicable to each, and then taking the total of all marked-up amounts as being the correct total of sales. This method is subject to some inaccuracy, but in the absence of a sale-by-sale record, which it would be impossible for the average vendor to maintain, it is probably as fair a method as could be applied and is not challenged by the appellant. ’ ’
The only complaint which appellants make in respect of the use of the percentage factor is to its application for the period preceding three years from the date of the audit.
We are of the opinion that the Tax Commissioner is not estopped from making an assessment according t.o Section 5546-12a, General Code, on account of sales made during a period prior to the three-year period *502 even where the Tax Commissioner has failed to issue an order requiring vendors to keep their sales records for a period longer than three years. The purpose of Section 5546-12a, General Code, is to authorize an assessment where records. required by Section 5546-12, General Code, have not been kept.
To the observation that estoppel or a statute of limitation does not ordinarily apply to the state (State v. Cincinnati Tin & Japan Co., 66 Ohio St., 182, 64 N. E., 68; 16 Ohio Jurisprudence, 649, Section 70; 25 Ohio Jurisprudence, 629, Section 285), it may be added that appellants may not be shielded by a statute with which they made no attempt to comply.
No one of the appellants kept for any period “complete and accurate records of sales of taxable property, together with the record of tax collected thereon, which shall in every instance be the amount due under the provisions of this act. ’ ’ Appellants are not complaining that the amounts of their total taxable and nontaxable sales were not computed properly. The records show that such computations were properly made from appellants’ own records. Appellants are complaining that they no longer have the records which would disclose . the amount of their . purchases (not sales) of nontaxable merchandise. The records disclose that no one of these appellants ever had any records which would disclose the amount of their tax-exempt sales. Even if they had records of their purchases of tax-exempt merchandise the sales thereof could be arrived at only by estimates based upon mark-ups, etc.
Had appellants kept records which would have disclosed for every sale the amount of tax which should have been collected, the assessments, if any, would have been made under the original provisions of Sec *503 tion 5546-9a, General Code. Section 5546-9a, General Code, provides:
‘ ‘ The commissioner shall have like power to make an assessment against any vendor who fails to file a return required by Section 5546-12& of the General Code or fails to remit the proper amount of tax due under Section 5546-12a of the General Code.”
It is because appellants did not keep the records required by Section 5546-12, General Code, for any period that the entire assessments were computed under Section 5546-12», General Code. Rosky & Obert’s claim for records is set forth as follows:
“During the period involved appellant had maintained records covering its sales and tax-liability in connection with same, as follows:
“a. A ledger, copies of federal income tax returns filed and record of total sales. The sales record did not separate taxable from tax-exempt merchandise. Nor did the income tax returns, nor the ledger.
“b. For the purpose of record of tax-exempt merchandise vendor kept the actual invoices of his purchases of merchandise, and also he had some cancelled checks for which he did not have invoices. However, he did not-retain these records after three years.”
In the Amster case, records of total sales for the entire period of 6% years were available but there was no separation of sales of tax-exempt merchandise. It is admitted that the Tax Commissioner’s auditor used the foregoing records.
In the Stern Heights case, sales tax reports made to the Department of Taxation and income tax reports showing gross sales (but not separated so as to show tax-exempt sales) were used by the auditor. In passing it should be noted that in the Stern Heights case the *504 Board of Tax Appeals considered 51.88 per cent of the total sales as sales of tax-exempt merchandise!
Being of the opinion that the decision of the Board of Tax Appeals in each case is reasonable and lawful, such decisions are hereby affirmed.

Decisions affirmed.

Zimmerman, Williams, Matthias and Hart, JJ., concur.
Bell, J., concurs in the judgment.