The State, ex rel. Bar Realty Corp. et al., Appellees, *v.* Locher, Mayor, et al., Appellants.

[Cite as State, ex rel. Bar Realty Corp., v. Locher (1972), 30 Ohio St. 2d 190.]

(No. 71-478—Decided May 24, 1972.)

192

*Messrs. Roemisch & Wright* and *Mr. William B. Webber*, for appellees.

*Mr. Richard R. Hollington, Jr.*, director of law, and *Mr. Thomas A. Smith*, for appellants.

CORRIGAN, J. Several propositions of law are enumerated by respondents-appellants as grounds for reversal of the judgment. Included among them are contentions that mandamus will not lie to compel a public officer to enforce a police regulation in relation to a specific person and that the ordinances in question conflict with statutes under which the state, through its Water Pollution Control Board, has granted permission to certain industries to discharge industrial wastes into the tributaries of Lake Erie.

In its opinion, the trial court agreed with the first of the above-noted contentions of respondents, citing this court's holding in *State, ex rel. MacDonald,* v. *Cook* (1968), 15 Ohio St. 2d 85, to that effect. The trial court then proceeded to grant the peremptory writ commanding respondents, the Commissioner and the Consultant of the Division of Water Pollution Control, generally to perform their duties of enforcement under the city's pollution control ordinances.

*State, ex rel. Foster,* v. *Miller* (1940), 136 Ohio St. 295, involved an action in mandamus brought by a taxpayer to compel the Tax Commissioner to require certain vendors who were allegedly deficient in their payments to the state under the Sales Tax Act to pay the deficiencies and to require the Tax Commission to discharge its duties under the Sales Tax Act.

Paragraphs two and three of the syllabus in that case read:

''2. A writ of mandamus will not issue to compel the observance of law generally, but will be confined to commanding the performance of specific acts specially enjoined by law to be performed.

''3. In an action in mandamus, a court will not substitute its discretion for that of an administrative officer or commission in the exercise of his or its authority, and in the absence of allegation and proof that an officer or commission charged with the duty of collecting sales taxes has refused arbitrarily to collect the amount due on a

specific taxable sale or sales, the writ of mandamus will not lie.''

In the course of the opinion in that case it was stated, at page 304:

''* * * The Tax Commission is given general powers of enforcement of this act and the power to promulgate and enforce rules and regulations adopted by it. It is given the power to assess and penalize delinquent taxpayers. Obviously, if it has the authority and power to find that a taxpayer is delinquent, it may likewise find that he is not delinquent. In such a finding, it is exercising a discretion expressly conferred upon it by statute, and its exercise of this discretion cannot be controlled by mandamus. While a court will apply the spur of mandamus to compel performance of a clear, legal duty, it will not, after the discretion has been exercised, interfere therewith, unless an abuse thereof is clearly shown.''

Section 1.2528 of the Ordinances of the City of Cleveland provides, in part:

''It shall be the duty of the Commissioner of the Division of Water Pollution Control * * * to manage and supervise the elimination, control or regulation of any matter relating to the pollution of watercourses, rivers, streams or lakes bounding upon or within the city of Cleveland.''

The foregoing ordinance, by conferring upon the commissioner the duty to regulate and control water pollution, necessarily vests in that officer in the exercise of that power authority to find either that violations of the ordinances do or do not exist.

Respondents in their answer either deny that the industries in question discharge wastes into the streams or aver that wastes are being deposited by them pursuant to permission granted by the state's Water Pollution Control Board. Respondents state further that the conduct of the companies is not an actionable violation of the ordinances of the city.

Under the reasoning expressed in *State, ex rel. Fos-*

*ter,* v. *Miller, supra* (136 Ohio St. 295), it is obvious that if the commissioner has the authority to find a violation of the water pollution control ordinances, he may also make a finding that there is no violation. In making such a finding, the commissioner is exercising a discretion conferred upon him, and the exercise of that discretion "cannot be controlled by mandamus."

As for abuse of discretion, we are of the opinion that none has been shown. The record shows that respondents, in discharging their duties under the ordinances, have been taking into consideration the supervision and control over pollution being exercised by the state's Water Pollution Control Board. In light of the apparent necessity for cooperation between state and local governments in this area of great public concern, we do not believe that respondents, in enforcing their water pollution control ordinances in a manner consistent with the state's enforcement procedures under R. C. Chapter 6111, have committed an abuse of discretion.

For the foregoing reasons, we conclude that a writ of mandamus may not be issued to compel a city's commissioner of water pollution control to enforce the city's water pollution control ordinances where the commissioner, in the exercise of authority conferred upon him to regulate and control water pollution under those ordinances, has determined that no violations thereof exist and no abuse of discretion is shown as to that determination.

The judgment of the Court of Appeals is, therefore, reversed and final judgment is rendered for respondents-appellants.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN, LEACH and BROWN, JJ., concur.