The State, ex rel. Veterans Service Office of Pickaway County et al.,
*v.* Board of County Commissioners of Pickaway County et al.

[Cite as *State, ex rel. Veterans Serv. Office, v. Pickaway Cty. Bd. of Cty. Commrs.* (1991), 61 Ohio St.3d 461.]

(No. 90–1522—Submitted May 6, 1991—Decided August 14, 1991.)

*Daniel P. Jones,* for relators.

*Downes & Hurst* and *Rufus B. Hurst,* for respondents.

*Stephanie Tubbs Jones,* prosecuting attorney, *Patrick J. Murphy* and *Timothy J. Kollin,* urging denial for *amicus curiae,* Board of County Commissioners of Cuyahoga County.

*Peck, Shaffer & Williams* and *Thomas A. Luebbers,* urging denial for *amicus curiae,* County Commissioners Association of Ohio.

---

*Per Curiam.* A county veterans service commission, appointed by a judge of the court of common pleas, R.C. 5901.02, may receive applications for financial assistance for needy veterans and their qualified relatives who have been residents of the state for one year and the county for six months, R.C. 5901.08. The commission investigates the applicant's income and property, R.C. 5901.09, to determine the amount of relief each veteran should receive, R.C. 5901.14.

Under former law, the commission certified the probable amount necessary to the board of county commissioners, and the board had to appropriate the amount certified up to the five-tenths mill limit. *State, ex rel. Binder, v. Mahoning Cty. Bd. of Cty. Commrs.* (1962), 174 Ohio St. 23, 21 O.O.2d 251, 186 N.E.2d 476. However, the General Assembly amended R.C. 5901.11 to provide for a review and revision of the commission's budget request by the board of county commissioners. Now the board makes the necessary levy to

raise the amount that the board approves, not to exceed five-tenths of a mill. 142 Ohio Laws, Part III, 4685, 4689 (effective Sept. 14, 1988). Current R.C. 5901.11 provides:

"On or before the last Monday in May in each year, the veterans service commission shall meet and determine in an itemized manner the probable amount necessary for the aid and financial assistance of indigent persons and for the operation of the veterans service office for the ensuing year. After determining the probable amount necessary for such purposes, the commission shall prepare and submit a budget in the manner specified in subdivision (C) of section 5705.28 of the Revised Code to the board of county commissioners which may review and revise the budget requests. The board, at its June session, shall make the necessary levy, not to exceed five-tenths of a mill per dollar on the assessed value of the property of the county, to raise the amount that the board approves."

Despite this change, relators argue that the board must appropriate to them whatever amount they require, up to five-tenths of a mill. Moreover, they contend that this levy is a special levy to be collected beyond the amount the board levies for general fund expenditures.

Absent an abuse of discretion, mandamus cannot compel a public body or official to act in a certain way on a discretionary matter. See *State, ex rel. Bar Realty Corp., v. Locher* (1972), 30 Ohio St.2d 190, 59 O.O.2d 193, 283 N.E.2d 164. Furthermore, if the General Assembly grants the local legislative authority discretion to determine the amount an agency receives, the recipient agency is not entitled to an automatic appropriation of all monies requested even if its requests are reasonable. *State, ex rel. Durkin, v. Youngstown City Council* (1984), 9 Ohio St.3d 132, 134, 9 OBR 382, 384, 459 N.E.2d 213, 215.

R.C. 5901.11 grants the board of county commissioners discretion to review, revise, and appropriate the amount, not to exceed five-tenths of a mill, that the board approves for veterans commission needs. We cannot, under the above authority, compel respondents to disburse more money via mandamus, unless relators show an abuse of discretion. Relators have not shown such an abuse.

Respondents appropriated approximately twice the amount that relators had distributed to veterans in each of the prior two years. Ultimately, respondents appropriated the entire amount that the commission had initially requested. These circumstances do not establish an abuse of discretion in denying relators additional funds.

As to relators' next argument, R.C. 5705.05 provides that the "general levy for current expenses" is designed to provide one general operating fund derived from taxation for current expenses, and that the general levy shall

include, for counties, " * * * [t]he amounts necessary * * * for the relief of honorably discharged soldiers, indigent soldiers, sailors, and marines * * *." R.C. 5705.05(E). Thus, the veterans relief levy must come from the general fund resulting from the general levy.

Relators have not established that they have a clear legal right to the money requested or that respondents have a clear legal duty to appropriate it. Accordingly, we deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.