[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 247.]

THE STATE EX REL. CRABTREE, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF HEALTH, APPELLEE.

[Cite as *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 1997-Ohio-274.]

*Mandamus to compel Franklin County Board of Health to enact a tabled regulation governing tattooing—Complaint dismissed, when.*

(No. 96-1094—Submitted November 12, 1996—Decided January 15, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD01-70.

————————————

{¶ 1} In 1992, Joseph P. Weaver, Director of Environmental Health Services of appellee, Franklin County Board of Health, drafted a regulation governing tattooing after receiving complaints from parents, school officials, and police. The proposed regulation would have created health and sanitary requirements for tattoo establishments. The Franklin County Prosecuting Attorney subsequently issued an informal opinion advising Weaver that the board could regulate tattooing but could not prohibit it. In 1993, the board tabled the proposed regulation. Weaver stated that the board "would have been happy banning tattoos altogether" and that the board felt that regulating tattooing would be tantamount to legitimating it.

{¶ 2} Appellee, Emily R. Crabtree, is a resident of the general health district governed by the board. Crabtree is interested in obtaining a tattoo. In January 1996, Crabtree and her father attempted to intervene in an appeal in the Franklin County Court of Appeals instituted by other parties against the board concerning tattooing. The court of appeals denied the motion to intervene.

{¶ 3} Instead of waiting to appeal to this court from a final judgment in the case in which she was denied intervention, Crabtree filed a complaint in the court of appeals. Crabtree requested that the court of appeals issue a writ of mandamus

to compel the board to adopt the tabled regulation and to restrain the board from withholding the tabled regulation. The board moved to dismiss the complaint based on Civ.R. 12(B)(1) (lack of jurisdiction over the subject matter) and 12(B)(6) (failure to state a claim upon which relief can be granted). The court of appeals granted the board's motion and dismissed the complaint. The court of appeals later overruled Crabtree's motions for reconsideration and relief from judgment.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Christopher King*, for appellant.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joseph R. Durham*, Assistant Prosecuting Attorney, for appellee.

_____

*Per Curiam.*

{¶ 5} Crabtree asserts that the court of appeals erred in dismissing her complaint. Crabtree's complaint included claims for injunctive and mandamus relief.

## Injunctive Relief

{¶ 6} In her complaint, Crabtree contended that the court of appeals could "restrain the Franklin County Health Board from withholding fully drafted regulations that would benefit the entire Columbus area." The court of appeals concluded that "[t]o the extent that relator's request for a writ of mandamus asks for injunctive relief, this court must dismiss appellant's action for want of jurisdiction." Neither this court nor a court of appeals has original jurisdiction in prohibitory injunction. *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 3, 640 N.E.2d 1136, 1137-1138; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus. Therefore, the court of appeals properly dismissed that portion of Crabtree's complaint which requested injunctive relief.

*Mandamus*

**{¶ 7}** The court of appeals dismissed Crabtree's mandamus claim pursuant to Civ.R. 12(B)(6). In order to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief after all factual allegations are presumed true and all reasonable inferences are made in the relator's favor. *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 14, 661 N.E.2d 170, 173.

**{¶ 8}** Crabtree contends that she is entitled to a writ of mandamus to compel the board to enact the tabled tattoo regulation. Public duties having their basis in law may be compelled by a writ of mandamus. *State ex rel. Levin v. Schremp* (1995), 73 Ohio St.3d 733, 735, 654 N.E.2d 1258, 1260. R.C. 3709.21 provides that "[t]he board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances." As conceded by Crabtree, R.C. 3709.21 vests the board with discretion to issue regulations concerning the public health.

**{¶ 9}** "The extraordinary writ of mandamus cannot be used to control the exercise of administrative or legislative discretion." *State ex rel. Dublin v. Delaware Cty. Bd. of Commrs.* (1991), 62 Ohio St.3d 55, 60, 577 N.E.2d 1088, 1093. "Absent an abuse of discretion, mandamus cannot compel a public body or official to act in a certain way on a discretionary matter." *State ex rel. Veterans Serv. Office v. Pickaway Cty. Bd. of Commrs.* (1991), 61 Ohio St.3d 461, 463, 575 N.E.2d 206, 207. The term "abuse of discretion" implies an attitude that is unreasonable, arbitrary or unconscionable. *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 253, 648 N.E.2d 1355, 1358.

**{¶ 10}** Crabtree asserts that her complaint alleged an abuse of discretion by the board sufficient to withstand a motion for dismissal. Crabtree claims that the

board's failure to enact the proposed tattooing regulation endangered the public health. However, the materials incorporated in Crabtree's complaint[1] indicate that some states have declined to enact tattooing regulations due, in part, to the minimal public health risk associated with tattooing and the possibility that regulating the practice would drive it underground. In addition, an article attached to Crabtree's complaint noted that an epidemiologist employed by the Georgia Office of Infectious Disease stated that he doubted that regulating tattooing would be beneficial, since it would likely target those artists who already sterilize their equipment. Finally, the attached materials also indicate that there have been no documented cases linking unregulated tattooing to transmission of the AIDS virus. Contrary to Crabtree's contentions on appeal, the possibility that the board may have decided to table the regulation because it did not want to legitimate tattooing does not indicate bad faith. Therefore, based on the evidence contained in articles incorporated in Crabtree's own complaint, the board did not abuse its discretion in not adopting the proposed tattooing regulation.

{¶ 11} Furthermore, Crabtree's complaint indicates that she instituted the action because the court of appeals denied her motion to intervene in a similar case. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. In order for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial, and speedy. *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 536, 653 N.E.2d 349, 355. Crabtree alleged in her complaint that she brought her mandamus action rather than an appeal of the order denying intervention after a final judgment by the court of appeals in the other case because an appeal "would

---

1. Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 109, 647 N.E.2d 799, 802; *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931, 935, fn. 1; Civ.R. 10(C).

prove quite dilatory." However, "'[w]here a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of law.'" *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 557, 653 N.E.2d 366, 370, quoting *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus; see, also, *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 200, 638 N.E.2d 74, 77 (argument that appeal is inadequate because it is too time-consuming and expensive to pursue is generally insufficient to justify writ of mandamus).

{¶ 12} For the foregoing reasons, after construing the allegations of Crabtree's complaint and all reasonable inferences therefrom most strongly in her favor, it appears beyond doubt that she cannot prove a set of facts entitling her to the requested extraordinary relief in mandamus. Accordingly, we affirm the judgment of the court of appeals dismissing her complaint.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

––––––––––––––––––