[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 259 
Plaintiff-appellant, Princeton City School District Board of Education, appeals the February 28, 2000 decision and judgment entry of the Franklin County Court of Common Pleas overruling appellant's objections to the magistrate's decision and adopting the magistrate's decision as its own. In his decision, the magistrate held that defendants-appellees, Ohio State Board of Education, Ohio Department of Education, and Dr. Susan Zelman, Superintendent of Public Instruction, should prevail both on their Civ.R. 12(B)(6) motion to dismiss and on the merits of appellant's complaint. Appellant brought its action seeking relief designed to require appellees to accept and utilize corrected performance data relating to the 1998-1999 academic year submitted by appellant to appellees after the statewide deadline for submission of such data as established by appellees had expired. Finding that the trial court correctly granted appellees' Civ.R. 12(B)(6) motion to dismiss appellant's complaint for failure to state a claim, we affirm.
Under R.C. 3302.02 (effective July 1, 1998) and the regulations promulgated by appellees thereunder, public school districts in the state are measured by twenty-seven separate annual performance standards — twenty-five relating to student proficiency test results and the remaining two relating to attendance and graduation rates. Beginning with the fiscal year starting July 1, 1999, and every three years thereafter, appellees must calculate and report the extent to which each performance standard has been achieved by each school district. R.C. 3302.03. Further, based upon each school district's percentage of compliance with the performance standards (including three-year averaging when feasible), appellees must declare whether the district falls within one of the following four categories: (1) "effective" (meeting at least ninety-four percent of the performance standards); (2) "in need of continuous improvement" (meeting more than fifty but less than ninety-four percent of the performance standards); (3) "under academic watch" (meeting more than thirty-three but no more than fifty percent of the standards); and (4) "in a state of academic emergency" (meeting no more *Page 260 
than thirty-three percent of the performance standards). Id. School districts falling into any category except effective must develop a three-year continuous improvement plan containing an analysis of the reasons for the district's failure to meet any of the standards and specifying the strategies it will use and the resources it will allocate to address the problem. R.C. 3302.04(B). School districts under academic watch or in a state of academic emergency are subject to additional rules and requirements. R.C. 3302.04(B); Ohio Adm. Code 3301-56-01. Appellees are also required to issue annual report cards for each school district and for the state as a whole based on the education and fiscal performance data. R.C. 3302.03(D).
Pursuant to R.C. 3301.0714 and the administrative regulations promulgated thereunder, school districts are required annually to collect and submit large amounts of data to appellees through the Educational Management Information System ("EMIS"), including the performance data relating to the standards established by R.C. 3302.02. Furthermore, appellees are authorized to establish deadlines for the reporting of such data reported through the EMIS system. R.C. 3301.0714(A)(2); see, also, R.C. 3301.0714(L) (establishing sanctions for school districts' failure to meet deadlines for reporting or correcting data). As noted above, this case involves application of appellees' deadline for the submission of performance data related to the 1998-1999 academic year and appellees' refusal to accept appellant's corrections to that data after the deadline.
Appellant's complaint, filed December 14, 1999, makes the following material allegations: On or about September 1999, appellees released preliminary data regarding the performance of the state's public schools, including appellant, on the twenty-seven performance standards established by R.C. 3302.02. As a result of the release of this preliminary data, appellant discovered that the data submitted by appellant for completion of the preliminary report contained thousands of errors and, thereafter, undertook efforts (including the hiring of additional staff and outside consultants) to correct the data. Appellees established several deadlines for the reporting of the data, including an October 8, 1999 deadline for the submission of the performance data at issue in this case. Despite appellant's efforts to ensure the accuracy of its data, appellant's data still were not accurate in several substantial and material respects by the October 8, 1999 deadline. Thereafter, appellees waived the October 8, 1999 deadline for all school districts in the state and gave the districts until November 5, 1999 to submit their corrected data. Shortly after the original October 8, 1999 deadline, appellant discovered that the errors in its data were caused by the acts of its employee in charge of inputting the EMIS data. Despite its best efforts, appellant was unable to make all the corrections by the revised November 5, 1999 deadline. Appellant requested, by letter dated November 11, 1999, that it be *Page 261 
allowed one last transmission of corrected data. On November 12, 1999, appellant submitted its corrected data, which appellees refused to accept because it had been submitted after the November 5, 1999 deadline. Appellees informed appellant that it would not be fair to the school districts in the state that had met the deadline to allow appellant to correct its data after the November 5, 1999 deadline. Using the erroneous data submitted in accordance with the November 5, 1999 deadline, appellant will be placed under "academic watch"; and using the corrected dated submitted on November 12, 1999, appellant would be categorized as "needing continuous improvement."
Appellant sought a preliminary injunction prohibiting appellees from releasing or using the erroneous data. The complaint also sought a writ of mandamus compelling appellees to accept and process appellant's corrected data. Finally, the complaint sought declaratory judgment that appellees were required to accept and process the corrected data submitted by appellant on November 12, 1999.
On January 13, 2000, appellees filed, pursuant to Civ.R. 12(B)(6), a motion to dismiss appellant's complaint for failure to state a claim upon which relief could be granted. Appellant's request for a preliminary injunction was referred to a magistrate, and a hearing was held over parts of four days in January 2000. On January 28, 2000, the magistrate issued a decision finding in favor of appellees on their motion to dismiss and on the merits of appellant's complaint. The magistrate also adopted appellees' proposed findings of fact and conclusions of law.
On February 10, 2000, appellant filed its objections to the magistrate's decision. By decision and judgment entry filed February 28, 2000, the trial court overruled appellant's objections and adopted the magistrate's decision as its own. It is from this judgment entry that appellant appeals, raising the following three assignments of error:
First Assignment of Error
"The trial court erred to the prejudice of plaintiff-appellant by granting appellees' motion to dismiss the complaint under Rule 12(B)(6) of the Ohio Rules of Civil Procedure and in entering judgment in favor of appellees on the complaint."
Second Assignment of Error
"The trial court erred to the prejudice of plaintiff-appellant in failing to grant injunctive relief in its favor, and in the alternative, in failing to issue a writ of mandamus." *Page 262 
Third Assignment of Error
"The trial court erred to the prejudice of plaintiff-appellant in overruling plaintiff-appellant's objections to the decision of the magistrate because the trial court failed to review all the evidence which was before the magistrate."
In its first assignment of error, appellant contends that the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. We disagree.
Dismissal, pursuant to Civ.R. 12(B)(6), is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief York v. Ohio StateHwy. Patrol (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064-1065. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753, 755-756. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, 285, 620 N.E.2d 935, 938-939.
Here, appellant seeks an order compelling appellees to accept the performance data submitted after the deadline established by appellees, a matter which appellant concedes in its complaint was within appellees' administrative discretion. "The extraordinary writ of mandamus cannot be used to control the exercise of administrative or legislative discretion." State ex rel. Dublin v. Delaware Cty. Bd. of Commrs. (1991),62 Ohio St.3d 55, 60, 577 N.E.2d 1088, 1093. "Absent an abuse of discretion, mandamus cannot compel a public body or official to act in a certain way on a discretionary matter." State ex rel. Veterans Serv.Office v. Pickaway Cty. Bd. of Commrs. (1991), 61 Ohio St.3d 461, 463,575 N.E.2d 206, 207. An abuse of discretion implies an attitude that is unreasonable, arbitrary, or unconscionable. State ex rel Bitter v. Missig
(1995), 72 Ohio St.3d 249, 253, 648 N.E.2d 1355, 1357-1358. Furthermore, a Civ.R. 12(B)(6) motion to dismiss will be granted where the allegations of a complaint reveal a rational basis for the decision of the administrative agency. See, e.g., State ex rel. Crabtree v.Franklin Cty. Bd. of Health (1997), 77 Ohio St.3d 247, 249,673 N.E.2d 1281, 1283-1284 (affirming Civ.R. 12[B][6]) dismissal of complaint seeking a writ to compel a board of health to adopt tabled regulations governing health and sanitary requirements for tattoo establishments; materials incorporated into complaint provided a rational basis for board's refusal to enact the regulation).
Here, while appellant's complaint alleges that appellees' refusal to accept appellant's data after the deadline was an abuse of discretion, the material allegations of the complaint belie such a conclusion as a matter of law. As alleged by appellant in its complaint, appellees refused to accept the corrected data because appellees determined that it would not be fair to those districts that were able to meet the established deadline, which appellee had already extended once for the entire state. Appellees' desire to treat all school districts in the state equally is not unreasonable, arbitrary, or unconscionable. Appellant makes no allegation suggesting that appellant's failure to timely submit the corrected data was the result of any action by appellees or the result of any extraordinary events beyond appellant's control. In fact, appellant concedes that the cause of its failure to submit the correct data in a timely manner was due to the malfeasance and/or negligence of its own employee. Simply put, appellant's allegations fail to support a finding that appellees abused its discretion in refusing to make an exception for appellant to the November 5, 1999 reporting deadline.
We, therefore, find that the trial court did not err in granting appellees' Civ.R. 12(B)(6) motion to dismiss. Appellant's first assignment of error is not well taken. Moreover, given our disposition of appellant's first assignment of error, appellant's remaining assignments of error are rendered moot.
For the foregoing reasons, appellant's first assignment of error is overruled, and appellant's second and third assignments of error are overruled as moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed. *Page 263