**WALKER,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.**

2006-Ohio-7255.]

Court of Common Pleas of Ohio,
Lucas County.

No. CI05–6898.

Decided July 14, 2006.

Ronald L. Burdge and John B.P. Wakefield, for plaintiff.

Baker & Hostetler, L.L.P., Mark A. Johnson, and John J. Frost, for defendant State Farm Mutual Automobile Insurance Company.

Kenny & Niehaus, Ltd., Laurie A. Schoonmaker, and Charles D. Niehaus, for defendant Central Auto Mart, Inc.

Gressley, Kaplin & Parker, L.L.P., and Howard B. Hershman for defendant Focus Federal Credit Union.

LINDA J. JENNINGS, Judge.

{¶ 1} This matter is before the court on the partial motion to dismiss of defendant State Farm Mutual Automobile Insurance Company, filed May 17, 2006.[1] Upon review of the pleadings, the supporting and opposing memoranda, and the applicable law, the court grants the motion.

### Procedural History

{¶ 2} Plaintiff Quanitra Walker's claims against State Farm and defendants Central Auto Mart, Inc. ("Central") and Focus Federal Credit Union ("Focus") arise out of her purchase of a used car that State Farm allegedly declared a total loss but sold with a clean title instead of a salvage title. Walker alleges that she bought the car from Central without knowing of any defect in the title conveyed to her, after State Farm placed it in the stream of commerce by selling it to a rebuilder; that Focus financed her purchase of the car; and that the state of Ohio subsequently required her to retitle the car as a rebuilt salvage vehicle.

{¶ 3} Walker's amended complaint, filed February 27, 2006, asserts claims against State Farm for breach of warranty of title (first claim), breach of implied warranty of merchantability (second claim), negligence (third claim), negligence per se (fourth claim), negligent misrepresentation (fifth claim), violation of the Ohio Consumer Sales Practices Act ("OCSPA") (sixth claim), violation of the Motor Vehicle Advertisement and Sale Rule (seventh claim), fraud (eighth, ninth, and tenth claims), and unjust enrichment (eleventh claim).

{¶ 4} State Farm seeks dismissal of Walker's OCSPA claim[2] on the grounds that (1) State Farm's alleged acts are not subject to the OCSPA because they did not occur in Ohio, (2) State Farm is not a supplier subject to liability under the OCSPA, (3) there was no consumer transaction between Walker and State Farm, and (4) the OCSPA does not apply to an insurance company's traditional acts.

{¶ 5} Walker opposes dismissal, arguing that (1) there is a sufficient connection to Ohio in this case because she lives in Ohio, purchased the car from an Ohio

---

1. State Farm's earlier motion to dismiss, filed February 16, 2006, sought dismissal of all counts of the complaint, as well as dismissal of defendant Focus Federal Credit Union's cross-claim. Subsequently, plaintiff filed an amended complaint adding new factual allegations and claims for relief against State Farm, to which Focus filed an answer that did not include a cross-claim against State Farm. Accordingly, although State Farm has not formally withdrawn its original motion to dismiss, the court will deny it as moot in view of the subsequent pleadings and will consider the merits of only the partial motion to dismiss.

2. State Farm's motion purports to seek dismissal of Walker's third claim. The court notes, however, that Walker's OCSPA claim, which appeared in the third claim of her original complaint, appears in the sixth claim of her amended complaint. State Farm corrects this error in its reply memorandum.

dealer, and titled the car in Ohio, and State Farm's "Assurance of Voluntary Compliance" with the Ohio attorney general precipitated Ohio's mandate that she obtain a "rebuilt salvage" title for the car; (2) State Farm is a supplier because its actions effected (put into effect) the ultimate consumer transaction in this case (the sale of the car to Walker); (3) State Farm's alleged failure to obtain a branded (salvage) title for the car occurred "before, during or after" a consumer transaction; and (4) State Farm is not exempt from the OCSPA because Walker is not its customer and it was not acting as an insurance company when it sold the car without obtaining a branded title.

### *Law and Analysis*

#### 1. Standard for Reviewing Motion to Dismiss

{¶ 6} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the court must, with reasonable notice, treat the motion as a Civ.R. 56 motion for summary judgment.[3]

{¶ 7} In construing a complaint upon a motion to dismiss for failure to state a claim, the court may not rely on evidence outside of the complaint but may consider material incorporated in the complaint.[4] In addition, the court must take all material allegations of the complaint as admitted but must also draw all reasonable inferences in favor of the nonmoving party and may not dismiss the complaint unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to recovery.[5]

#### 2. Statutory Framework Governing Walker's Claim for Violation of the Ohio Consumer Sales Practices Act

{¶ 8} The following statutory provisions govern Walker's claim for violation of the Ohio Consumer Sales Practices Act.

{¶ 9} R.C. 1345.02(A) prohibits a supplier from committing an unfair or deceptive act or practice before, during, or after a consumer transaction.

{¶ 10} R.C. 1345.01(A) defines "consumer transaction" as "a sale * * * or other transfer of an item of goods * * * to an individual for purposes that are primarily

---

3. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378.

4. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, fn. 1, 673 N.E.2d 1281.

5. *Hanson*, 65 Ohio St.3d at 548, 605 N.E.2d 378.

personal, family, or household" and provides that "consumer transaction" does not include transactions between an insurance company and its customers.

{¶ 11} R.C. 1345.01(C) defines "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer."

{¶ 12} R.C. 1345.01(D) defines "consumer" as a person who engages in a consumer transaction with a supplier. R.C. 1345.04 limits the court's subject-matter jurisdiction over OCSPA claims against suppliers to those related to any act or practice in Ohio covered by, or arising from, a consumer transaction subject to, the OCSPA.

### 3. Walker's Amended Complaint Fails to State a Valid Claim for Violation of the Ohio Consumer Sales Practices Act.

{¶ 13} The court has reviewed the statutory framework that governs Walker's OCSPA claim and the extensive legal authority and arguments presented by Walker and State Farm.[6] The court declines to adopt the strained construction of the relevant OCSPA provisions that Walker advances. For the reasons detailed in State Farm's memoranda (filed May 17, 2006, and June 8, 2006), which the court adopts and incorporates by reference, the court concludes that Walker's amended complaint fails to state a valid claim for violation of the OCSPA. Accordingly, State Farm's motion to dismiss is well taken and is granted, as set forth in the judgment entry below.

### JUDGMENT ENTRY

{¶ 14} It is ordered that the partial motion to dismiss of defendant State Farm Mutual Automobile Insurance Company, filed May 17, 2006, is granted.

{¶ 15} It is further ordered that the sixth claim against State Farm Mutual Automobile Insurance Company and John Doe Rebuilder, set forth at pages 12 through 15 of plaintiff Quanitra Walker's amended complaint, filed February 27, 2006, alleging violation of the Ohio Consumer Sales Practices Act, is dismissed with prejudice as against defendant State Farm Mutual Automobile Insurance Company.

---

6. Plaintiff's supplemental memorandum opposing State Farm's partial motion to dismiss (filed June 6, 2006) is not relevant, as State Farm has not raised any statute-of-limitations issues. Walker's counsel has advised the court that the memorandum was filed in error and will be withdrawn. Accordingly, the court need not address the arguments raised in it. The court has, however, reviewed and considered the memorandum in rebuttal to defendant State Farm's motion to dismiss plaintiff's amended complaint that was attached as Exhibit No. 1 to plaintiff's motion for leave to file memorandum in rebuttal, filed June 20, 2006.

{¶ 16} It is further ordered that the motion to dismiss of defendant State Farm Mutual Automobile Insurance Company, filed February 16, 2006, is denied as moot.

So ordered.