Hart, J.
 

 The question here presented is whether the decision of the Board of Tax Appeals was unreasonable or unlawful in holding that the admissions tax (which has since been repealed) levied against the operator pursuant to Section 5544-2, General Code, applied to all amounts received by the operator from his patrons, except federal' taxes separately collected.
 

 The question at issue is made clear from a statement in the finding made by the Board of. Tax Appeals as follows:
 

 “An illustration of the different methods of arriving at the admission tax by the appellant and the appellee may be seen by the following examples: Assuming a total of $128 collected for tickets appellant contends that this sum should be brbken down, exactly as stated on the face of each ticket as follows:
 

 “ ‘Established price ...................$100
 

 “‘Federal tax ................ 20
 

 “ ‘Cincinnati boxing commission tax..... 5
 

 “ ‘State admission tax ................. 3’
 

 
 *4
 
 “The Tax Commissioner contends that the following breakdown is the correct one:
 

 “ ‘Gross amount ......................$128
 

 “ ‘Less federal tax ...................... 20
 

 “ ‘Remainder .......................... 108
 

 “ ‘3% of $108 equals the state tax of .... 3.24’
 

 “It will be seen that the appellant based the amount of tax on what he called his established price of admission, that is, he took three per cent of $100, giving him $3. The Tax Commissioner determined the amount by taking three per cent of the gross amount collected by the appellant less the federal tax, giving him $3.24, basing his finding on rule 151, quoted above.”
 

 The federal admissions tax levied by Section 1700 (a) (2), Title 26, U. S. Code, is made payable by the person paying the admission. Formerly, the same was true with reference to the state admissions tax. It was assessed against and payable by the person paying the admission.
 

 Formerly, the pertinent portion of Section 5544-2, General Code (115 Ohio Laws, 657), providing for the payment and collection of state admissions tax, was as follows:
 

 “A tax of one cent for each ten cents or fraction thereof on the amount paid for admission to any place, including admission by season ticket or subscription, to be paid by the person paying for such admission * * *.”
 

 Section 5544-5, General Code (115 Ohio Laws, 660), provided in part as follows:
 

 “Every person receiving any payments for admissions, taxable under this act, shall collect the amount of the tax imposed hereby from the person making such payments.”
 

 
 *5
 
 By amendment effective December 30, 1936, the pertinent portions of Section 5544-2, General Code (116 Ohio Laws, pt. 2, 353), were as follows:
 

 “There is hereby levied * * * a tax of three percentum on the amounts received for admission to any place, including admission by season ticket or subscription. ’ ’
 

 Section 5544-5, General Code (116 Ohio Laws, pt. 2, 354), provided:
 

 “Every person receiving any payments for admissions, dues or fees, taxable under this act, shall on or before the tenth day of each calendar month make a return in duplicate under oath, to the commission [Tax Commissioner] in such form as the commission [Tax Commissioner] may prescribe, showing the number of taxable admissions issued or disposed of and/or the amount of taxable dues and/or fees collected during the preceding calendar month. * *■ *
 

 “Each person making such return shall at the time of making the same pay the amount of taxes shown thereby to the Treasurer of State. * * * ”
 

 It is the view of this court that the above-mentioned amendment of the statutes made the state admissions tax a gross-receipts tax to be paid by the person receiving the admission price. Otherwise, the amendment of the statute would have served no purpose and “the presumption is, that every amendment of a statute is made to effect some purpose.”
 
 Lytle
 
 v.
 
 Baldinger,
 
 84 Ohio St., 1, 95 N. E., 389;
 
 County Board of Education of Hancock County
 
 v.
 
 Boehm,
 
 102 Ohio St., 292, 131 N. E., 812.
 

 It is contended by the operator that under Section 5544-2, General Code, he might have set an established price and collected from the person paying the admission an additional amount to cover the tax levied on the admission, otherwise, there was a levy of tax
 
 *6
 
 upon a tax. That method of computing the tax would place it in the same category as the federal admissions tax which is, by the federal law, clearly charged to the person paying the admission and separately collected by the person receiving the admission price.
 

 Although double taxation is never presumed
 
 (Tennessee
 
 v.
 
 Whitworth,
 
 117 U. S., 129, 29 L. Ed., 830, 6 S. Ct., 645), such a tax may be levied, unless there is some constitutional inhibition against it.
 

 In the case of
 
 Lash’s Products Co.
 
 v.
 
 United States,
 
 278 U. S., 175, 73 L. Ed., 251, 49 S. Ct., 100, the court held:
 

 “The petitioner supports its position by a regulation of the commissioner that when the tax is billed as a separate item it is not to be considered as an increase in the sale price. Naturally, a delicate treatment of a tax on sales "might seek to avoid adding a tax on the amount of the tax. But it is no less natural to avoid niceties and to fix the tax by the actual price received. Congress could do that as properly as it could have added one-tenth to the tax on the price as fixed by the other items determining the charge to the buyer. The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price, and if the statute were taken literally, as there would be no reason for now taking it if it were not passed for the first time, there might be difficulty in accepting the commissioner’s distinction even if the tax were made a separate item of the bill.”
 

 In the case of
 
 Vause & Striegel, Inc.,
 
 v.
 
 McKibbin, Dir.,
 
 379 Ill., 169, 39 N. E. (2d), 1006, where a retailers’ occupation tax. was based upon the selling price of property sold and the taxpayer attempted to deduct from the amount of gross receipts the amount paid for such tax, the court said:
 

 
 *7
 
 “Plaintiffs make the contention, among others, that the ‘selling price’ or the ‘amount of a sale’ may be determined with a deduction for an additional. sum to cover the retailers’ occupation tax where it is collected as a tax. They concede that if a retailer prices an article of merchandise at $1.03 without indicating before, at, or after the sale that three cents of the sum named is to be treated as a separate charge or item the merchant incurs a tax measured by the quoted price, namely, $1.03. The narrow issue is, accordingly, whether the retailer must pay the tax upon $1.03 or $1 where he prices the same article at $1 but receives in payment therefor $1.03, the additional three cents being designated, as between the retailer and consumer, a payment of tax. * * *
 

 “The mere fact that the retailer and the consumer may, by a particular form of billing, denominate the three cents additional charge in one instance a tax and in another a part of the selling price is not decisive. Manifestly, the state cannot be deprived of the tax upon the actual selling price irrespective of the form of invoice agreed upon by a retailer and the purchaser from him. Again, so far as the consumer is concerned, the selling price is $1.03, irrespective of the manner of bookkeeping. If a retailer elects to add the three cents exacted of him by the law to the original selling price of $1 he is not in a position to complain when the state demands that he pay a tax on the amount actually received by him from the consumer, namely, $1.03. In short, where a retailer adds the tax which he is required to pay, to the purchase price of the merchandise sold by him, he must pay the tax on the total amount received by him from the c.onsumer. The tenuous distinction urged by plaintiffs cannot be sustained.”
 

 
 *8
 
 In the opinion of this court, the entire purchase price of a ticket to the exhibitions given by the operator was the price of admission, even though he was required, under the statute, to pay certain taxes based upon the amount of such admission price. The levy appears to have been made as a gross-receipts tax payable, not by the purchaser of the ticket, but lay the operator as the seller of the admission ticket, and such tax was required to be paid by him as such based upon his gross receipts.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.