THE STATE, EX REL. KELLY, *v.* JUDGES OF THE CLEVELAND MUNICIPAL COURT.

[Cite as State, ex rel. Kelly, v. Judges, 1 Ohio App. 2d 558.]

(No. 27259—Decided March 25, 1965.)

*Messrs. Spieth, Bell, McCurdy & Newell,* for relator.
*Mr. Bronis J. Klementowicz,* director of law, and *Mr. George J. Dinda,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court. The relator, Frank T. Kelly, bailiff of the Cleveland Municipal Court since 1939, complains that he was wrongfully and unlawfully discharged by respondents (not including the present Chief Justice, Augustus G. Parker), effective December 31, 1964. Relator seeks a writ in this court restoring him to the post of bailiff of that court.

The matter is before this court upon relator's motion for judgment on the pleadings. Both relator and respondents agree that there is no material fact in issue, there being no controversy as to the facts, and that there remains but a question of law to be determined by this court.

The factual situation admittedly developed by the pleadings pertinent to the present problem is as follows:

The relator, Frank T. Kelly, was born on January 7, 1890, and was over seventy-four years of age at the inception of this action. From the year 1916 until December 31, 1964, upon successful completion of the required civil service examinations, he held successively the positions of deputy bailiff, chief deputy bailiff and, since 1939, that of bailiff of the Cleveland Municipal Court.

With the exception of respondents Augustus G. Parker, presently and since January 2, 1965, the Chief Justice of the court, and Walter Dorsey, serving as bailiff of the court since January 2, 1965, the remaining respondents were duly elected and acting judges of such court and participated in the decision that forms the basis for the action herein. Respondent August Pryatel, formerly Chief Justice of such court, has since become a judge of the Court of Common Pleas of Cuyahoga County.

Prior to June 30, 1964, relator made application to the judges of the Cleveland Municipal Court for continuation in active service past the compulsory retirement age and presented a certification by a physician licensed to practice in the state of Ohio that relator was physically and mentally competent to perform his duties as bailiff of that court in compliance with Section 145.32 of the Revised Code. Prior to June 30, 1964, the judges of the court granted to relator an extension to continue in active service, such extension to continue to December 31, 1964, upon the provision that relator comply with the rules and regulations of the court. On December 9, 1964,

relator addressed to the Chief Justice of the court a communication, the pertinent part of which reads as follows:

"I therefore respectfully request your cooperation in extending my present employment to June 30, 1965 * * *."

On December 30, 1964, relator received a letter from the Chief Justice as follows:

"Dear Mr. Kelly:

"Confirming our telephone conversation of December 28, 1964, please be informed that the Judges, at their meeting on December 28, 1964, voted to grant no further extension of your employment as Bailiff of the Cleveland Municipal Court beyond the close of business on December 31, 1964.

"Sincerely yours,
[signed]
"August Pryatel
"Chief Justice."

It is admitted that relator was in the classified service of the city of Cleveland pursuant to Section 1901.32 (F), Revised Code, and there is no claim by the respondents that relator's employment was terminated for cause pursuant to the provisions of Section 143.27, Revised Code.

As indicated above, relator in his petition states that his discharge as of December 31, 1964, was wrongful and unlawful. Respondents' defense is simply that the extension of time to continue in active service only to December 31, 1964, was within the discretion of the judges. Relator by reply denies that such judges had any discretion in the matter in view of the pertinent sections of the Revised Code. The ultimate question of law to be determined by this court is whether the judges of the Municipal Court, under the provisions of Section 145.32, Revised Code, have the right or discretion to limit the extension of time to the relator to continue in active service past the compulsory retirement age for a period of six months only, namely, to December 31, 1964.

The subject of compulsory retirement has had an interesting and significant statutory history. The statute originally adopted in 1933 was Section 486-59 of the General Code. That statute provided, in part:

"At the end of the year in which they become members the retirement board shall retire all state employes who were over seventy years of age at the time they became members * * *."

It contained a proviso: "that any member * * * may, upon written application, approved by the head of his department or institution be continued in service for a period of one year, and thereafter may be continued in service for periods of one year each, upon filing of like application and approval."

That statute remained substantially unchanged until 1943 when it was amended (120 Ohio Laws 41) by changing the date of retirement to "On June 30 following the date upon which he * * * became a member and shall retire all other members, except elective officers, on the June 30 following date upon which the age of seventy is attained."

This latter amendment contained a similar proviso found in the original statute with respect to extensions except that (1) such extensions could be allowed until June 30, 1945, and none thereafter and (2) such employee may "be continued in service *for a period of one year, or any part thereof, * * *"* (Emphasis added.)

This same statute, as amended, continued in effect until 1953; the Legislature, however, in successive terms, amended the limitation dates to June 30, 1947 (121 Ohio Laws 37), September 1, 1948 (122 Ohio Laws 187), June 30, 1950 (123 Ohio Laws 20), June 30, 1952 (124 Ohio Laws 617, 626), and August 31, 1953 (124 Ohio Laws 463). In 1949, the Legislature added a provision requiring a certification by a physician (123 Ohio Laws 20).

During its 1953 session the Legislature made several major changes in the statute which then became Section 145.32 of the Revised Code. The pertinent part thereof is as follows:

"Prior to June 30, 1955, an employer may, as of the thirtieth day of June of any year, terminate the employment of any member who has attained the age of seventy, or who will attain the age of seventy by the following thirty-first day of December. Any such employee whose employment is not so terminated shall be required to present a certification prior to the thirtieth day of June of each year by a physician licensed to practice in the state of Ohio, which physician is mutually acceptable to the employee and his employer, that the member is physically and

mentally competent to perform the duties of the particular position which he occupies." (125 Ohio Laws 254)

The significant major changes in the statute appear to be that, instead of providing that the retirement board shall retire employees over seventy years of age, it was amended to provide that an employer may retire employees over seventy years of age; and a very important change is found in that the provision for continuations in service *for less than one year* was deleted from the statute.

Two years after, in its 1955 session, the Legislature dropped the time limitation "Prior to June 30th, 1955," and later the words "or who will attain the age of seventy by the following thirty-first day of December" were deleted in the 1961 session of the Legislature. So that, at present, Section 145.32, Revised Code, reads as follows:

"An employer may, as of the thirtieth day of June of any year, terminate the employment of any member who has attained the age of seventy years. Any such employee whose employment is not so terminated shall be required to present a certification prior to the thirtieth day of June of each year by a physician licensed to practice in the state of Ohio, which physician is mutually acceptable to the employee and his employer, that the member is physically and mentally competent to perform the duties of the particular position which he occupies. * * *"

In view of the relator's age, there can be no question that the respondents had the right and authority to terminate relator's employment as of June 30, 1964.

In a study of the applicable statute, Section 145.32 of the Revised Code, it is clear that the Legislature for reasons best known to itself has determined that the retirement date is to be "as of the thirtieth day of June of any year." There is not a word or syllable in the section that lends itself to the construction that any other date for termination of employment was intended or provided for.

Also to be noted is the further provision in the statute that "Any such employee whose employment is not so terminated shall be required to present a certification prior to the thirtieth day of June of *each* year * * *." (Emphasis added.) Here again the Legislature recognizes that extensions may be grant-

ed to an employee on more than one occasion. But again the Legislature refers to the all-important termination day of June 30th. Assuming that the right to grant a six-month extension was contemplated, there is nothing in the statute to require a certification before that date to accompany a new application for extension by an employee so affected.

In the resume of the history of this subject matter, we have pointed out that after 1943 the original section, 486-59, General Code, contained the provision that an extension could be granted for a period *of one year or any part thereof.* However, in 1953, the Legislature deleted that language, and at no time since has it been included.

It is a well established principle of law that when an existing statute is amended or repealed and a new and different statute is adopted by the Legislature, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language of the statute. *County Board of Education* v. *Boehm,* 102 Ohio St. 292, paragraph one of the syllabus; *Leader* v. *Glander, Tax Commr.,* 149 Ohio St. 1, 5; *Lytle* v. *Baldinger,* 84 Ohio St. 1, 8.

It is therefore our conclusion that, while the respondents had the discretion to allow the relator an extension to continue in service after June 30, 1964, the respondents had no statutory or other right to limit such extension to December 31, 1964, rather than June 30, 1965. We, therefore, hold that the termination of relator's employment was contrary to law and that he is entitled to the relief prayed for in his petition; that respondents remove Walter A. Dorsey from the position of bailiff of the Cleveland Municipal Court; that they reinstate and restore relator to his position as bailiff of Cleveland Municipal Court, with all the privileges, rights, properties, prerogatives and emoluments thereunto belonging; and that they certify such reinstatement and restoration to the Cleveland Municipal Civil Service Commission.

*Writ allowed.*

ARTL, P. J., CORRIGAN and KOVACHY, JJ., concur.