[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 251.]

LYNCH ET AL., APPELLANTS, *v*. GALLIA COUNTY BOARD OF COMMISSIONERS ET AL., APPELLEES; GALLIA COUNTY VETERANS SERVICE COMMISSION ET AL., APPELLANTS.

[Cite as *Lynch v. Gallia Cty. Bd. of Commrs.*, 1997-Ohio-392.]

*Veterans—R.C. 5901.11 imposes a mandatory duty upon a board of county commissioners to fund a lawful budget request of a veterans service commission up to the five-tenths mill limitation set forth in the statute.*

R.C. 5901.11 imposes a mandatory duty upon a board of county commissioners to fund a lawful budget request of a veterans service commission up to the five-tenths mill limitation set forth in the statute.

(No. 96-876—Submitted April 2, 1997 at the Athens County Session—Decided July 16, 1997.)

APPEAL from the Court of Appeals for Gallia County, No. 95CA13.

_____

{¶ 1} In March 1995, the Gallia County Veterans Service Commission ("VSC"), appellant, submitted a revised proposed budget of $168,561 to the Gallia County Board of Commissioners ("Board"), appellee. After holding a budget hearing, the Board decided to appropriate only $127,559.40 to the VSC.

{¶ 2} In April 1995, appellants Rhonda Lynch and Steven Swords, two former VSC employees, filed a complaint against the VSC and the Board. Lynch and Swords claimed that they were terminated from employment with the VSC because the Board refused to fully fund the VSC's budget request. Their suit alleged violations of Section 1983, Title 42, U.S.Code, and state law. In its answer, the VSC filed a cross-claim against the Board seeking injunctive relief, or in the alternative, mandamus, for the Board's refusal to appropriate the monies requested.

**{¶ 3}** Pursuant to a joint motion filed in April 1995 by the parties, the trial court bifurcated the cross-claim from the plaintiffs' claims and stayed the issues submitted by Lynch and Swords. Thereafter, the VSC and the Board filed motions for summary judgment.

**{¶ 4}** In its summary judgment motion, the Board argued that amended R.C. 5901.11 gives the Board discretion to review and, where appropriate, revise the budget of the VSC. In its motion for summary judgment, the VSC argued the opposite, *i.e.,* that the amended statute eliminated the Board's discretionary power to revise the budget request, and instead, imposes a mandatory duty upon the Board to approve any amount submitted by the VSC up to the five-tenths of a mill ceiling set forth in the statute.

**{¶ 5}** The trial court agreed with the VSC. In doing so, the court considered the language of R.C. 5901.11 and determined that the deletion of the word "revise" coupled with the addition of the mandatory language of "shall appropriate funds to the commission" in the statute divested the Board of any discretion in reducing the VSC's budget. The court issued a writ of mandamus ordering the Board to appropriate the entire sum requested by the VSC.

**{¶ 6}** The court of appeals reversed the judgment of the trial court. In construing R.C. 5901.11, the appellate court found that the Board retained discretion to modify the VSC's budget despite the statutory amendments. Specifically, the court of appeals stated that the new language granting a hearing before the Board would be superfluous if there were no discretion on the part of the Board. The appellate court remanded the matter to the common pleas court to determine whether the Board had abused its discretion in failing to fully fund the budget request of the VSC.

**{¶ 7}** The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Michael A. Moses*, for appellants Rhonda Lynch and Steven Swords.

*Downes & Hurst*, *Rufus B. Hurst* and *Cheri B. Hass*; *Beran, Piper, Tarkowsky, Fitzgerald & Theis Co., L.P.A.,* and *Bruce A. Curry,* for appellees Gallia County Board of Commissioners.

*Mowery, Brown & Blume* and *J. Rick Brown*, for appellant Gallia County Veterans Service Commission.

*Vorys, Sater, Seymour & Pease, Andrew M. Kaplan* and *Scott A. Carroll*, urging reversal for *amicus curiae,* Ohio State Association of Veterans Service Commissions.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, and *Bonnie L. Maxton*, Assistant Prosecuting Attorney, urging affirmance for *amicus curiae,* Franklin County Board of Commissioners.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 8} In this case we are asked to decide whether R.C. 5901.11, as amended July 1994, prohibits the board of county commissioners from revising a proposed budget submitted by a veterans service commission. For the following reasons, we hold that R.C. 5901.11 imposes a mandatory duty upon the board of county commissioners to fund a lawful budget request of a veterans service commission up to the five-tenths mill limitation set forth in the statute. Accordingly, we reverse the court of appeals.

{¶ 9} R.C. Chapter 5901 provides for a comprehensive plan of services and benefits to needy veterans of the armed forces. Pursuant to this chapter, veterans service commissions in each county throughout the state are charged with ensuring that these mandates are met. See R.C. 5901.02. In order to discharge their obligations, R.C. 5901.11 contains the statutory authority for funding the commissions.

**{¶ 10}** R.C. 5901.11, as amended by Am.Sub.H.B. No. 448 in 1994, provides as follows:

"On or before the last Monday in May in each year, the veterans service commission shall meet and determine in an itemized manner the probable amount necessary for the aid and financial assistance of persons entitled to such aid and assistance and for the operation of the veterans service office for the ensuing year. After determining the probable amount necessary for such purposes, the commission shall prepare and submit a budget in the manner specified in division (C) of section 5705.28 of the Revised Code to the board of county commissioners which *may review the proposed budget and shall appropriate funds to the commission pursuant to Title III, section 5705.05, and sections 5705.38 to 5705.41 of the Revised Code*. The board, at its June session, shall make the necessary levy, not to exceed five-tenths of a mill per dollar on the assessed value of the property of the county, to raise the amount that the board approves. The veterans service commission may, prior to the first day in October, in any year, submit to the board of county commissioners *a written request for a hearing* before the board to discuss the commission's budget request for the ensuing fiscal year. Upon receiving this request, the board shall provide for such a hearing at a regular or special meeting of the board to be held no later than fourteen days prior to the board's adoption of a permanent appropriation measure under section 5705.38 of the Revised Code." (Emphasis added.)

**{¶ 11}** The prior version of the statute, as amended in 1988, specifically stated that the board of county commissioners may "review *and revise* the budget requests."[1] (Emphasis added.) The 1994 amendment, 145 Ohio Laws, Part IV,

---

1. Former R.C. 5901.11, effective September 14, 1988, read as follows:

"On or before the last Monday in May in each year, the veterans service commission shall meet and determine in an itemized manner the probable amount necessary for the aid and financial assistance of indigent persons and for the operation of the veterans service office for the ensuing year. After determining the probable amount necessary for such purposes, the commission shall

6094-6095, however, eliminated the words "and revise" and changed the language to "review the proposed budget and shall appropriate funds to the commission pursuant to Title III, section 5705.05, and sections 5705.38 to 5705.41 of the Revised Code." Furthermore, the new language added that upon request by the veterans service commission, a hearing before the board of county commissioners could be held to discuss the commission's budget request.

{¶ 12} When confronted with amendments to a statute, an interpreting court must presume that the amendments were made to change the effect and operation of the law. *Leader v. Glander* (1948), 149 Ohio St. 1, 5, 36 O.O. 326, 328, 77 N.E.2d 69, 71. However, a reviewing court must not construe a statute so as to supply words that are omitted. *State v. S.R.* (1992), 63 Ohio St.3d 590, 595, 589 N.E.2d 1319, 1323. In aiding a court, R.C. 1.49 allows the court to consider the following when construing the intention of the General Assembly:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

{¶ 13} Up until 1988, the statute gave the board of county commissioners no discretion over the veterans service commission's budget. Former R.C. 5901.11, effective October 1, 1953, provided that the soldiers' relief commission (now veterans service commission) "shall certify" the probable amount necessary for

---

prepare and submit a budget in the manner specified in division (C) of section 5705.28 of the Revised Code to the board of county commissioners which *may review and revise the budget requests*. The board, at its June session, shall make the necessary levy, not to exceed five-tenths of a mill per dollar on the assessed value of the property of the county, to raise the amount that the board approves." (Emphasis added.) (142 Ohio Laws, Part III, 4689.)

furnishing relief, and the board of county commissioners "shall make the necessary levy."[2]

{¶ 14} In 1962, this court interpreted this version of R.C. 5901.11 and held that boards of county commissioners had no authority to revise the certified budget of the soldiers' relief commissions. *State ex rel. Binder v. Mahoning Cty. Bd. of Commrs.* (1962), 174 Ohio St. 23, 21 O.O.2d 251, 186 N.E.2d 476. *Binder* held that mandamus would issue to require appropriation of the amount requested by the soldiers' relief commission, where there was no question that the request was in conformity with R.C. Chapter 5901. The court held that "[t]his and related sections of the Code make it a mandatory duty of the Board of County Commissioners to provide the sum certified for the use of the Soldiers' Relief Commission." *Id.* at 23, 21 O.O.2d at 251, 186 N.E.2d at 476.

{¶ 15} This was the law until 1988. On September 14, 1988, R.C. 5901.11 was amended to state that the board of county commissioners "may review and revise the budget requests." The words added by the General Assembly expressed a clear departure from the *Binder* decision and manifested an intent to give the board discretion over the veterans service commission budget.

{¶ 16} In *State ex rel. Veterans Service Office of Pickaway Cty. v. Pickaway Cty. Bd. of Commrs.* (1991), 61 Ohio St.3d 461, 575 N.E.2d 206, the court confirmed this intention. In its opinion, this court emphasized the significance of the General Assembly's addition of the phrase "review and revise the budget

---

2. Former R.C. 5901.11, 1953 H.B. No. 1, effective October 1, 1953, provided:

"On the last Monday in May in each year, the soldiers' relief commission shall meet and determine from the lists provided for in section 5901.08 of the Revised Code the probable amount necessary for the aid and relief of indigent persons for the ensuing year, together with an amount sufficient, in the judgment of the commission, to furnish relief to any such indigent persons not named on such lists, whose rights to relief are established to the satisfaction of the commission. After determining the probable amount necessary for such purpose, the commission *shall certify* it to the board of county commissioners, which, at its June session, shall make the necessary levy, not to exceed five-tenths of a mill per dollar on the assessed value of the property of the county, to raise the required relief." (Emphasis added.)

requests" and determined that the new language gave the board of county commissioners discretion to revise the budget request, and the veterans service commission was not entitled to automatic appropriation of all monies requested.

{¶ 17} Thus, prior to the 1994 amendment, the General Assembly had passed complete budget control from the veterans service commissions in 1953 to the boards of county commissioners in 1988. To effect that change, the General Assembly relied on the deletion and addition of key words. The most important of those words was "revise."

{¶ 18} However, the Board argues that when read in context, the new changes do not reflect an intention by the General Assembly to divest control from the boards of county commissioners. Specifically, the Board mentions other additional language in the statute. For example, the term "proposed" that modifies the term "budget," and the phrase "amount that the board approves," demonstrate the intent that the Board retain discretion to approve all, or only a portion of, the VSC's budget request. If the Board were required to approve any amount the VSC requests, the Board argues, such words or phrases would not be needed.

{¶ 19} Additionally, the Board argues that the addition of the phrase "shall appropriate funds" is taken out of context by the VSC. When read in its entirety, the new language reads, "shall appropriate funds to the commission pursuant to Title III, section 5705.05, and sections 5705.38 to 5705.41 of the Revised Code." Thus, the Board believes that, when read as a whole, the language only requires the Board to appropriate funds in accordance with the other statutory mandates of the Revised Code. The Board asserts that had the General Assembly wanted the Board to appropriate all funds requested by the VSC, it could have returned to the language of the 1953 statute, which used the words "the board * * * shall make the necessary levy."

{¶ 20} The Board also distinguishes the fact that the General Assembly eliminated the word "revise" when referring to the Board's powers, by pointing out

that the new statute establishes a hearing process by which the VSC can request a discussion of budget appropriations. The Board contends that if it were required to approve any budget requested by the VSC, there would be no purpose for a hearing.

{¶ 21} The Board's interpretation assumes that R.C. 5901.11 operates in a vacuum. However, we do not believe that R.C. 5901.11 can be read in such a manner. Instead, we find that the language of R.C. 5901.11, when viewed in its full context, has a specific purpose and forms part of a comprehensive overall statutory scheme. This comprehensive statutory scheme gives meaning to the board of county commissioners' review of proposed veterans service commission budgets and to the hearing procedure established by the statute.

{¶ 22} For instance, to be lawful, a budget must comply with a number of requirements. These include the Revised Code sections to which R.C. 5901.11 refers, and other code sections that are necessarily involved in the budgeting process and in the operation of a veterans service commission.

{¶ 23} For example, a budget proposal must be in the proper form prescribed by the taxing authority or State Auditor pursuant to R.C. 5705.28(C), one of the statutes mentioned in the 1994 amended version of R.C. 5901.11. R.C. 5705.28(C) further requires that the form be submitted by a certain deadline. R.C. 5705.40, also mentioned in R.C. 5901.11, sets forth criteria for any budget item that is included to cover unforeseen contingencies.

{¶ 24} Other sections of R.C. Chapter 5901 impose further conditions which a board of county commissioners must review to assure the propriety of a veterans service commission budget request. For instance, R.C. 5901.06 and 5901.07 set forth the qualifications of certain veterans service commission employees and require that they be classified employees. These sections call into play the laws governing the classified civil service and a board of county commissioners' discretionary review could detect budget changes that were inconsistent with these laws.

**{¶ 25}** Furthermore, R.C. 5901.11 itself limits a proper proposed budget to an amount "not to exceed five-tenths of a mill per dollar on the assessed value of the property of the county." Additionally, R.C. 5901.25 through 5901.32 are mandatory provisions directing the veterans service commission to assist in the burial of indigent veterans. A lawful commission budget must include funding for this activity. R.C. 5901.11. Finally, basic flaws such as mathematical errors may be detected through board review. *Id.*

**{¶ 26}** We believe this interpretation of R.C. 5901.11 gives meaning to the "review" and hearing process provided by the statute. The board review of the budget can, and should, result in rejection of an unlawful budget request, but not revision of a lawful request. This is the interpretation given to R.C. 5901.11 in *State ex rel. Semetko v. Lucas Cty. Bd. of Commrs.* (1971), 30 Ohio App.2d 130, 59 O.O.2d 239, 283 N.E.2d 648.

**{¶ 27}** *Semetko* reviewed the statute which had been interpreted by this court in *Binder*. In *Semetko*, the Lucas County Soldiers' Relief Commission had departed from the procedures and duties set forth in R.C. Chapter 5901, and had arranged to process vouchers for soldiers' relief through the county welfare department without documenting the financial needs of veterans as provided by law. The board of county commissioners appropriated only a portion of the funds requested, and the soldiers' relief commission requested a "further review of the sum previously certified to the [board]," but the board declined to budget a further amount. *Id.* at 132, 59 O.O.2d at 240, 283 N.E.2d at 650. The court found the budget request to be unlawful, and refused to issue a writ of mandamus compelling the board to appropriate the amount requested.

**{¶ 28}** Although *Semetko* reviewed a prior version of R.C. 5901.11, its analysis is applicable to the present version of the statute. Should the board of county commissioners' review uncover an unlawful budget request, the hearing procedure prescribed by the statute offers the veterans service commission an

opportunity to seek reconsideration of the board's determination, before resorting to a lawsuit.

{¶ 29} The history of R.C. 5901.11 demonstrates that the General Assembly intended veterans service commissions to have authority over their budgets, without discretionary oversight by the boards of county commissioners. While this state of the law was interrupted during 1988-1994, the General Assembly returned budgetary authority to the veterans service commissions after this court's decision in *Pickaway County*. A legislative amendment must be presumed to change the effect and operation of the law. *Leader,* 149 Ohio St. at 5, 36 O.O. at 328, 77 N.E.2d at 71.

{¶ 30} The return of budgetary authority to the veterans service commissions will not bring about the dire consequences predicted by the Board. Under the law established by this court, neither the boards of county commissioners nor the veterans service commissions will be permitted to abuse their discretion. See, *e.g., Binder, Pickaway County,* and *State ex rel. Durkin v. Youngstown City Council* (1984), 9 Ohio St.3d 132, 134, 9 OBR 382, 384, 459 N.E.2d 213, 215.

{¶ 31} Understandably, as the Board states, the legislature has an interest in putting the veterans service commission "on equal footing with other departments and agencies within the counties," but the statutory language and history belie such an intent in R.C. 5901.11. *Amicus* Ohio State Association of Veterans Service Commissions explains that veterans service commissions enjoy a unique history and status. They are vested with a special public trust to see that those who have served our country receive a decent burial and are remembered with honor, and that they and their families are kept from indigency. We agree with *amicus* that the General Assembly has balanced the veterans service commissions' mandate with a power in the boards of county commissioners to review the budget, and to reject it in the case of any failure to conform to applicable law. However, boards of county

commissioners are not permitted to revise lawful veterans service commission budgets.

{¶ 32} Accordingly, the judgment of the court of appeals is reversed, and the decision of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 33} I would affirm the judgment of the court of appeals and adopt its opinion on the issue appealed here.

_____