Defendant Michael T. Peters appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which overruled his request to correct his sentence. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GIVE THE DEFENDANT-APPELLANT CREDIT AGAINST THE IMPOSED PRISON SENTENCE FOR TIME SERVED AT THE COMMUNITY BASED CORRECTIONAL FACILITY.
The record indicates appellant was convicted on October 1, 1996, on one count of felony fleeing. The trial court determined community control sanctions were appropriate. Thereafter, appellant failed to comply with the non-residential sanctions and the court determined residential sanctions were appropriate. Appellant enrolled in the Licking/Muskingum Community Base Correctional Facility Rehabilitation Program on May 9, 1996. He successfully completed the program and returned to supervision with nonresidential sanctions. Appellant again failed to comply with the non-residential sanctions and appellee filed a motion to revoke his probation.
On July 17, 1998, the court found appellant had violated the terms and conditions of his community control sanctions. The court revoked appellant's community control and sentenced him to one year in prison. The court granted appellant credit for days spent awaiting trial, but did not give him any credit for the days he was confined in the community based correctional facility. This appeal ensued.
This court has previously had occasion to consider the issue of jail time credit for periods of time spent in rehabilitation programs and community control facilities. In State v. Jones
(1997), 122 Ohio App.3d 430, this court found a trial court should review the nature of the rehabilitation facility to determine if the time a defendant spent there constituted confinement as contemplated by the legislature. Appellant maintains, however, in this case it is not necessary for the trial court to review the nature of the facility because this court has already found persons placed in the Licking/Muskingum Community Corrections Center are under detention and confinement as defined by the Ohio Revised Code. In State v.Snelling (November 20, 1995), Licking App. No. 95CA0025, unreported, this court found an inmate participating in the Licking/Muskingum Correctional Facility Rehabilitation Program could be convicted of escape when he goes to a Greyhound Terminal instead of his work release assignment. In State v.Angelo (April 1, 1996), Licking App. No. 95CA0080, unreported, we noted the Licking/Muskingum Correctional Facility meets the definition of a place of confinement because the doors are locked, the parameters are secured, and the residential portion is under a central control area where admittance is regulated. An inmate in the facility is under the control of the facility, not under probationary supervision. Both appellant and appellee note these cases were decided prior to changes in the Revised Code effective July 1, 1996. Prior to the amendment, the statute specifically required that credit be given for time served in a community based correctional facility. The 1996 Amendment deletes this provision.
This court has also had occasion to consider the same issue of credit for time served after the Revised Code had been amended. In State v. Snowder (August 19, 1998), Licking App. No. 98CA22, unreported, this court held the changes in the statute did not change the status of a person placed in a CBCF facility. We noted the nature of the facility is the determinative issue, and the changes in the statue did not make our earlier holdings inapplicable.
In its judgment entry of September 29, 1998, the trial court found its decision not to give appellant credit for time served is not in conflict with Snowder, supra. The court found the fact a defendant was previously under detention does not require the court to give the defendant credit for time in detention. The court found instead the amendment of the statute to delete the credit for time served in a community-based correctional facility was a clear indication the Ohio State Legislature intended to no longer permit jail-time credit for such programs. We do not agree. The State asserts we must presume an amendment is made to a statute in order to change the effect and operation of the law, Lynch v. Gallia CountyBoard of Commissioners (1997), 79 Ohio St.3d 251 at 254. We read R.C. 2929.15, as amended effective July 1, 1996 to change the law in Ohio regarding how a court proceeds if it finds an accused has violated the conditions of the community control sanction. It does not modify the right to credit for time served. Further, as found in Snowder, supra, neither the nature of the facility nor the accused's status is altered.
In U.S. v. Benz (1931), 282 U.S. 304, the United States Supreme Court held a trial court may reduce a "live" judgment (i.e. one the prisoner has not fully served) but may not increase it. The court found to increase a penalty after sentencing violates the Fifth Amendment's prohibition against double jeopardy.
The issue here is not a question of crediting pre-trial time served. Here, the appellant was in detention because he was found guilty and sentenced to detention. Not crediting him with credit for time already served on his sentence results in his serving a longer sentence than the court originally ordered. This is unconstitutional, Beny, supra. The issue here, quite simply is whether the appellant is in detention while in community control. Compare State v. Faulkner (1995), 102 Ohio App.3d 602
(defendant is not entitled to credit for time served in electronic home monitoring because this was a condition of bail rather than "confinement); State v. Tyler (1993), 90 Ohio App.3d 380
("house arrest" constitutes bail rather than confinement.); State v. Doughty (February 24, 1994) Harrison App. No. 462, unreported (time spent in a residential treatment center is confinement.) Appellant was not "out on bail" or "on probation", or released in any manner. Here appellant was confined after trial pursuant to the court's sentencing order.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with applicable law and consistent with this opinion. Costs to appellee.
--------------------
--------------------
 -------------------- JUDGES