SPELLACY, J., DISSENTING.
I must respectfully dissent from the majority opinion. Although the majority has applied the appropriate rules of construction found in R.C. 1.51 and R.C. 1.52, I disagree with their conclusion that R.C. 2967.15 (C) (2) [eff. 7-1-96] prevails over R.C. 2921.01 (E) [eff. 10-4-96].
When read in conjunction, R.C. 1.51 and R.C. 1.52 provide that a specific provision will prevail over a general provision unless: (1) the general provision is the most recently enacted; and (2) the legislature exhibits a manifest intent that the most recently enacted general provision should prevail over a previously enacted special provision.
In the instant case, the general provisions found in R.C.2921.01 (E) were enacted subsequent to the specific provisions found in R.C. 2967.15 (C) (2). Therefore, R.C. 2921.01 (E) will prevail if "the manifest intent [of the legislature] is that the general provision prevail." R.C. 1.51; R.C. 1.52. The majority found that the legislature did not possess the required manifest intent; I disagree with their conclusion.
Prior to the subject amendments, former R.C. 2921.01 (E) stated in part: "Detention does not include supervision of probation or parole, or constraint incidental to release on bail." However, the legislature amended the statute effective October 4, 1996; the legislature deleted the language expressly excluding parole as a form of detention and, instead, included the following language: "`Detention' means * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution."
The amendments to R.C. 2921.01 (E) demonstrated the legislature's manifest intent to make parole a form of detention, and clearly provided that a parolee may be prosecuted for the offense of escape under R.C. 2921.34 (A) (1). We must presume an amendment is made to a statute in order to change the effect and operation of the law. Lynch v. Gallia Cty. Bd. of Commrs. (1997),79 Ohio St.3d 251, 254. The majority's decision would deprive the amendments to R.C. 2921.01 (E) of any effect.
Moreover, contrary to the majority's position, the subsequent amendments to R.C. 2967.15, if anything, also demonstrate the legislature's intent in this regard. The amendments to R.C.2921.01, and the subsequent amendments to R.C. 2967.15, clearly evidence the legislature's manifest intent that a parolee may be prosecuted for the offense of escape. Based upon the foregoing, appellant's conviction should be affirmed.