{¶ 1} Relator, Reginald Lindsay, an inmate at the Pickaway Correctional Institution, has filed a petition for a writ of mandamus, requesting that this court order respondent, State Highway Patrol Trooper Michael Maughmer, to perform duties prescribed under R.C. 5503.02(A), in response to relator's claim that he was the victim of an assault and battery allegedly perpetrated by a corrections officer at the institution. Respondent subsequently filed a response to the petition, seeking dismissal of the complaint.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of facts and conclusions of law, recommending that relator's action be dismissed, sua sponte, on the basis that the complaint fails to state a claim upon which relief in mandamus can be granted. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and based upon an independent review of the record, this court adopts the magistrate's decision as our own, including the findings of facts and conclusions of law contained in it. In accordance with the magistrate's decision, this action is dismissed on the grounds that the complaint fails to state a claim upon which relief in mandamus can be granted.
Action dismissed.
PETREE, P.J., and BRYANT, J., concur.
 IN MANDAMUS ON SUA SPONTE DISMISSAL {¶ 4} In this original action, relator, Reginald Lindsay, an inmate of the Pickaway Correctional Institution ("PCI"), requests a writ of mandamus ordering respondent, State Highway Patrol Trooper Michael Maughmer, to perform the duties prescribed by R.C. 5503.02(A) with respect to an alleged assault and battery that was allegedly perpetrated by a PCI corrections officer upon relator on or about July 27, 2002.
Findings of Fact:
 {¶ 5} 1. On January 16, 2003, relator, a PCI inmate, filed this original action.
 {¶ 6} 2. According to the complaint, on or about July 27, 2002, relator was the victim of an assault and battery committed by a PCI corrections officer.
 {¶ 7} 3. According to the complaint, on or about August 8, 2002, relator sent a letter to the State Highway Patrol requesting that the patrol conduct an investigation into the alleged assault and battery.
 {¶ 8} 4. According to the complaint, relator was informed by a prison official that the prison official "has personally spoken to Respondent and has made requests that Mr. Lindsay be interviewed about his complaint."
 {¶ 9} 5. According to the complaint, so far respondent has neither contacted relator nor carried out the duties set forth at R.C. 5503.02(A).
 {¶ 10} 6. Relator attached a copy of the letter he allegedly sent to the State Highway Patrol. In the letter, relator requests that the patrol "initiate a criminal complaint against a PCI correctional officer for physical assault as defined under R.C. 2903.13." In the letter, relator requests that he be interviewed and that the patrol "proceed with criminal charges."
 {¶ 11} 7. On February 13, 2003, respondent, through counsel, filed a document captioned "Response of Michael Maughmer to Relator's Petition for Writ of Mandamus" ("response to the petition").
 {¶ 12} 8. On February 25, 2003, relator filed a document captioned "Relator's Reply To Respondent's Response To His Petition." Along with this document, relator filed his affidavit listing the prior actions he has filed.
 {¶ 13} 9. On February 27, 2003, the magistrate issued an order stating that the magistrate shall treat respondent's response to the petition as respondent's motion to dismiss.
Conclusions of Law:
 {¶ 14} Because the complaint fails to state a claim upon which relief in mandamus can be granted, it is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.
 {¶ 15} In order for a writ of mandamus to issue, relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the acts; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 29.
 {¶ 16} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff (relator) can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242.
 {¶ 17} R.C. 5503.02 prescribes the duties and powers of the State Highway Patrol. In his complaint, relator cites R.C. 5503.02(A) as providing the statutory basis for the issuance of a writ of mandamus.
 {¶ 18} R.C. 5503.02(A) states in pertinent part:
 {¶ 19} "The superintendent or any state highway patrol trooper may enforce the criminal laws on all state properties and state institutions, owned or leased by the state * * *."
 {¶ 20} R.C. 5503.02(A), by its very terms, vests in the State Highway Patrol discretion to enforce the criminal laws on all state properties and state institutions.
 {¶ 21} It is well-settled that mandamus cannot be used to control the exercise of administrative discretion. State ex rel. Crabtree v. Franklin Cty. Bd. of Health (1997), 77 Ohio St.3d 247, 248-249.
 {¶ 22} It is clear beyond doubt from the complaint that relator seeks to control the discretion granted to the State Highway Patrol under R.C. 5503.02(A) and thus, dismissal of this action is appropriate.
 {¶ 23} The magistrate further notes that respondent's February 13, 2003 response to the petition does not specifically address the grounds for the magistrate's sua sponte dismissal of this action. Thus, the magistrate will not address the merits of respondent's February 13, 2003 response to the petition.
 {¶ 24} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action on grounds that the complaint fails to state a claim upon which relief in mandamus can be granted.